**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 15-2352**

———————

MANLY HOWELL HOOK,

        Plaintiff – Appellant,

     v.

CAROLYN W. COLVIN, Commissioner of Social Security
Administration,

        Defendant – Appellee.

———————

Appeal from the United States District Court for the District of
South Carolina, at Greenville. Timothy M. Cain, District Judge.
(6:14-cv-01311-TMC)

———————

Argued: December 6, 2016        Decided: February 8, 2017

———————

Before KING, SHEDD, and FLOYD, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

**ARGUED:** William Daniel Mayes, SMITH, MASSEY, BRODIE, GUYNN &
MAYES, P.A., Aiken, South Carolina, for Appellant. Jillian
Elizabeth Quick, SOCIAL SECURITY ADMINISTRATION, Philadelphia,
Pennsylvania, for Appellee. **ON BRIEF:** Nora Koch, Acting
Regional Chief Counsel, Charles Kawas, Acting Supervisory
Attorney, Office of the General Counsel, SOCIAL SECURITY
ADMINISTRATION, Philadelphia, Pennsylvania; William N. Nettles,
United States Attorney, Marshall Prince, Assistant United States
Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South
Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A social security administrative law judge (ALJ) denied Manly Howell Hook's application for Disability Insurance Benefits and Supplemental Security Income, finding that he is not disabled under the Social Security Act. After the ALJ's decision became final, Hook filed this action seeking judicial review. Following briefing by the parties and a recommendation by a magistrate judge, the district court affirmed the final decision. Hook now appeals. We affirm.

We must uphold the ALJ's disability determination unless it is based on legal error or, in light of the whole record, is unsupported by substantial evidence. Mascio v. Colvin, 780 F.3d 632, 634 (4th Cir. 2015). The substantial evidence standard requires more than a scintilla, but may be less than a preponderance, of evidence. Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012). We do not reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the ALJ. Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). When conflicting evidence could lead reasonable minds to differ regarding whether a claimant is disabled, we must defer to the ALJ's determination. Hancock, 667 F.3d at 472.

An ALJ is required to use a five-step sequential evaluation process in determining whether a claimant is disabled. See Mascio, 780 F.3d at 634-35 (explaining the process). If the ALJ

3

finds that the claimant has been working (step one) or that the claimant's medical impairments do not meet the severity and duration requirements of the social security regulations (step two), the process ends with a finding of "not disabled." If the ALJ reaches step three, he must either find that the claimant is disabled because the medical impairments meet or equal an impairment listed in the regulations or continue the analysis, but he cannot deny benefits at this step.

If the first three steps do not lead to a conclusive determination, the ALJ then assesses the claimant's residual functional capacity ("RFC"), which is the most the claimant can do despite physical and mental limitations that affect his ability to work. To make this assessment, the ALJ must consider all of the claimant's medically determinable impairments of which the ALJ is aware. The ALJ then moves to step four, where the ALJ either finds the claimant not disabled because he is able to perform past work or proceeds to step five because the exertion required for the claimant's past work exceeds the RFC.

The claimant bears the burden of proof at the first four steps, but at step five the burden shifts to the Commissioner to prove, by a preponderance of the evidence, that the claimant can perform other work that exists in significant numbers in the national economy, considering the claimant's RFC, age, education, and work experience. The Commissioner typically

4

offers this evidence through the testimony of a vocational expert responding to a hypothetical that incorporates the claimant's limitations. If the Commissioner meets her burden, the ALJ finds the claimant not disabled and denies the application for benefits.

Conducting this analysis, the ALJ proceeded through step five. In summary, the ALJ found that Hook suffers from the severe impairments of degenerative joint disease and obesity, but that he has the ability to perform sedentary work subject to certain limitations. Based on the vocational expert's testimony, the ALJ further found that the Commissioner met her burden of proving that Hook is capable of performing work that exists in significant numbers in the national economy. For this reason, the ALJ concluded that Hook is not disabled.

On appeal, Hook primarily contends that (1) the ALJ's rationale for rejecting the opinion of Dr. Vaughan Massie is not supported by substantial evidence, (2) the ALJ improperly failed to include certain restrictions in the RFC determination, and (3) the ALJ failed to adequately explain his RFC findings. Having thoroughly considered the record, oral arguments, and controlling legal principles, we conclude that there is no basis to disturb the ALJ's decision. We reach our decision for substantially the reasons articulated by the district court – that is, the ALJ properly followed the controlling regulations

5

in assessing Hook's application, the ALJ adequately explained the bases for his adverse disability finding, and the decision is supported by substantial evidence. <u>See</u> J.A. 53-74, 93-99 (magistrate report and district court order).

Based on the foregoing, we affirm the district court judgment.

<u>AFFIRMED</u>